RECEIVED
MAY 2 3 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY: _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO: 5:11-CR-00317-01 |
| | CIVIL NO.: 5:14-CV-00006 |
| VERSUS | JUDGE DONALD E. WALTER |
| DARIEN L RELIFORD (01) | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING & ORDER

Before the court is a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, [Doc. #424], filed by defendant Darien L Reliford ("Reliford"). For the following reasons, the motion to vacate [Doc. #424] is **DISMISSED, WITHOUT PREJUDICE,** because the court will grant Reliford an out-of-time appeal.

### I. BACKGROUND

On December 14, 2011, a grand jury in the Western District of Louisiana returned a 34-count indictment charging 13 defendants with various drug and firearm offenses. [Doc. #1]. Reliford was named in counts one through five. *Id.* In count one, Reliford was charged (along with all the other co-defendants) with conspiracy to possess with intent to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846. *Id.* at 2. Reliford was initially represented by a federal public defender, but he later retained private counsel, Mr. William G. Nader ("Mr. Nader"). [Docs. ##196, 198].

On July 13, 2012, on the advice of Mr. Nader, Reliford pled guilty to the conspiracy

charge in count one. [Doc. #251]. In a plea agreement, the government agreed to dismiss the remaining counts against Reliford at sentencing. [Doc. #253, pp. 1–2]. The court accepted Reliford's guilty plea and ordered the United States Probation Office to prepare a Presentence Investigation Report ("PSR"). [Docs. ##251, 285]. At sentencing, the court adopted the PSR in its entirety, as well as the government's notice of Reliford's prior felony conviction. [Doc. #292]. After taking into account the factors of 18 U.S.C. § 3553(a), the court imposed a sentence of 327 months imprisonment and 120 months of supervised release, the top of the guideline range calculated in the PSR. *Id.* Judgment was entered on November 16, 2012, at which time the remaining counts against Reliford were dismissed. [Doc. #293].

On November 27, 2012, Mr. Nader timely filed a notice of appeal. [Doc. #361]. However, it appears that Mr. Nader took no further action after that. A review of the Fifth Circuit's docket sheet in this matter reveals that, on December 5, 2012, the Clerk of Court sent Mr. Nader a letter advising him, *inter alia,* that he must pay the docketing fee within 14 days and order transcripts within 15 days. *United States v. Reliford,* No. 12-31209 (5th Cir. Dec. 5, 2012). When those deadlines went unmet, the Fifth Circuit dismissed Reliford's appeal for want of prosecution. [Doc. #385]. Neither Mr. Nader nor Reliford moved for reinstatement of the appeal.

On approximately January 2, 2014, Reliford timely filed the instant motion under 28 U.S.C. § 2255. [Docs. ##424, 425].[1] Therein, Reliford asserts 17 grounds for vacating his

---

[1] Contrary to the government's contention, [Doc. #443-1, pp. 3–8], Reliford's motion was timely when it was received by the court. Fifth Circuit precedent establishes that Reliford's conviction became final upon the expiration of the 90-day deadline for seeking review in the Supreme Court of the dismissal of his appeal for want of prosecution. *United States v. Franks,* 397 F. App'x 95, 97–99 (5th Cir. 2010); *United States v. Gamble,* 208 F.3d 536, 537 (5th Cir. 2000). Reliford's § 2255 was due one year after the

conviction and sentence, chiefly involving ineffective assistance of counsel. In claim five, Reliford argues that Mr. Nader was ineffective because he took no action after filing the notice of appeal, thus causing Reliford's appeal to be dismissed for want of prosecution. [Doc. #425, pp. 3, 12–13].[2]

## II. LAW & ANALYSIS

A criminal defendant has a Sixth Amendment right to effective assistance of counsel on direct appeal. *United States v. Reinhart*, 357 F.3d 521, 525 (5th Cir. 2004). Counsel's failure to file or perfect an appeal when the defendant requests one amounts to a *per se* denial of this right. *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). In such a situation, the defendant need not show that his appeal would have had merit. *Id.* at 477–78. The Fifth Circuit has long held that "if privately-retained counsel continues to represent his client until the appeal stage of the proceedings arrives, 'he can't be permitted simply to bow out without notice either to the court or client and frustrate forever the right of the client to protect his vital interests.'" *Chapman v. United States*, 469 F.2d 634, 636 (5th Cir. 1972) (quoting *Atilus v. United States*, 406 F.2d 694 (5th Cir. 1969)).[3]

The court finds that Reliford's allegation is corroborated by the record. After Mr. Nader

---

certiorari deadline, or by April 3, 2014. 28 U.S.C. § 2255(f)(1). The motion was filed months before then, and it is therefore clearly timely.

[2] Reliford's discussion of claim five is found on Pages 12 through 25 of his memorandum, but nothing after page 13 specifically discusses the circumstances surrounding the dismissal of his appeal. [Doc. #425, pp. 12–25].

[3] The *Chapman* court also approvingly cited *Woodall v. Neil*, 444 F.2d 92 (6th Cir. 1972), a case where counsel timely filed a notice of appeal but then failed to take any further action, conduct which the Sixth Circuit held to have deprived the defendant of the right to counsel and the right to appeal. *Chapman*, 469 F.2d at 636.

filed the notice of appeal, it appears that he considered his representation completed. However, the Fifth Circuit operated under the assumption that Mr. Nader represented Reliford on appeal and dealt with Mr. Nader alone. Mr. Nader never moved to withdraw in the Fifth Circuit or in this court, and there is no evidence that Mr. Nader ever advised Reliford of the right to request appointment of appellate counsel or the right to proceed *pro se*. As such, based on this record, the court is satisfied that Reliford's appeal was dismissed due to ineffective assistance of counsel on appeal. Several courts in this circuit have granted relief under § 2255 in like circumstances. *See United States v. Lara-Castro*, 561 F. App'x 346, 348 (5th Cir. 2014) (deciding out-of-time appeal after district court found that appellate counsel was ineffective for abandoning appeal); *see also Luviano-Cardenas v. United States*, Civil Action No. 4:09-cv-410, Crim. No. 4:07-cr-216(1), 2012 WL 113570 (E.D. Tex. Jan. 13, 2012); *United States v. Ellis*, Criminal Action No. 05-6, 2009 WL 2876710 (M.D. La. Sep. 8, 2009); *Simmon v. United States*, No. EP-07-CA-293, No. EP-06-CR-387, 2007 WL 4105994 (W.D. Tex. Nov. 16, 2007).

The government fails to convince the court that Reliford's claim lacks merit. The government's sole argument involves a letter from Mr. Nader to Reliford dated October 24, 2013. [Doc. #425-5 p. 8]. This letter, which Reliford attached to his § 2255 motion in support of an unrelated claim, was written in response to Reliford's request for copies of certain court documents. *Id.* [*see also* Doc. #425-2]. The letter makes no mention of the appeal or that the appeal had been dismissed ten months earlier. According to the government, Mr. Nader's letter proves that Reliford cannot establish ineffective assistance, because he cannot show that Mr. Nader misled him about the status of the appeal. [Doc. #443-1, p. 14]. The court does not accept that argument. The fact that Mr. Nader did not mention the appeal in his letter does nothing to

establish that Reliford wished to forego his right to a direct appeal. To the contrary, the letter's silence as to the appeal lends further support to Reliford's assertion that Mr. Nader simply abandoned the matter.

Ordinarily, an evidentiary hearing is required to resolve disputes in which a § 2255 petitioner claims that his lawyer failed to prosecute a requested appeal. *See United States v. Tapp*, 491 F.3d 263 (5th Cir. 2007). Sadly, however, Mr. Nader passed away after Reliford's motion was filed. *See Obituary of William "Bill" Nader*, Shreveport Times (Oct. 8, 2014), http://www.legacy.com/obituaries/shreveporttimes/obituary.aspx?pid=172719641. That being the case, an evidentiary hearing would not be able to shed much light on what happened before the appeal was dismissed.

The court therefore concludes that Reliford has established he received ineffective assistance on appeal. The remedy in such situations is to grant an out-of-time appeal. *United States v. West*, 240 F.3d 456, 458–60 (5th Cir. 2001). In doing so, the court must dismiss the motion to vacate without prejudice and reinstate the original criminal judgment, which restarts the deadline for filing an appeal. *Id.* Reliford mus file a notice of appeal from his criminal conviction and sentence no later than 14 days after the reinstatement of the judgment on the record. Fed. R. App. P. 4(b)(1).

### III. Conclusion

For the foregoing reasons:

**IT IS FURTHER ORDERED** that Reliford is **GRANTED** an out-of-time appeal. The clerk of court shall **REINSTATE** the criminal judgment, [Doc. #293], <u>**on May 31, 2016**</u>, the date from which the time for filing a notice of direct appeal shall run;

**IT IS FURTHER ORDERED** that Reliford's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc. #418], be and is hereby **DISMISSED, WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that Reliford's motions related to his § 2255, including the "Letter of Inquiry as to Rule 16(b): 26 and 18 U.S.C. § 3500 Material" (which the court interprets to be a motion to compel), [Doc. #437], as well as his "Petition to Return Property Pursuant to Fed. Rule Criminal Pro. Rule 41(g) and 41(e)," [Doc. #438], be and are hereby **DENIED, WITHOUT PREJUDICE, AS MOOT**.

THUS DONE AND SIGNED, in Shreveport, Louisiana, this 23 day of May, 2016.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE