**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 11-00317-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DANIEL RELIFORD | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Defendant Darien Reliford's ("Reliford") Motion and Request for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Record Document 659). The Government has opposed the motion (Record Document 662). For the reasons set forth below, Reliford's Motion is **DENIED**.

**FACTUAL BACKGROUND**

On July 13, 2012, Reliford pled guilty to conspiracy to possess cocaine. See Record Document 662 at 2. On November 9, 2012, the Court sentenced Reliford to 327 months of imprisonment followed by ten years of supervised release. See id.

Reliford is currently incarcerated in the custody of the Bureau of Prisons. See id. at 1. On October 26, 2023, Reliford filed the instant *pro se* motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). See Record Document 659. In support of his motion, Reliford asserts numerous grounds for relief, including alleged medical conditions, risks associated with COVID-19, and asserted changes in sentencing law and policy. See id. The Government opposes the motion, arguing that Reliford has failed to demonstrate extraordinary and compelling reasons warranting a sentence reduction and that the factors set forth in 18 U.S.C. § 3553(a) weigh strongly against relief. See Record Document 662.

## LAW AND ANALYSIS

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." <u>Dillon v. United States</u>, 560 U.S. 817, 824 (2010). Title 18, United States Code, Section 3582(c) provides that the Court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

> (1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);
>
> (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or
>
> (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

Here, Reliford moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A). Under this section, the Court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Under the First Step Act, § 3852(c)(1)(A) allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

> (1) prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or
>
> (2) prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A). Here, the Court assumes Reliford has exhausted administrative requests for relief and considers the merits of the motion.

Subject to considerations of 18 U.S.C. § 3553(a), § 3582(c)(1)(A) permits a reduction in Reliford's term of imprisonment if the Court determines that extraordinary and compelling reasons warrant a reduction. The reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Here, U.S.S.G. § 1B1.13 provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)"; and (iii) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." U.S. v. Stowe, No. H-11-803(1), 2019 WL 4673725 at *2 (S.D. Tex. Sept. 25, 2019); see also U.S. v. Ennis, No. EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release."); U.S. v. Wright, No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").

Reliford asserts that his medical conditions, the risk of COVID-19, and asserted changes in sentencing law constitute extraordinary and compelling reasons for release. See Record Document 659. The Court has carefully reviewed Reliford's allegations and supporting materials. Even accepting Reliford's assertions regarding his health conditions, he has not shown that those conditions substantially diminish his ability to

3

provide self-care within the prison or that they cannot be adequately managed by the Bureau of Prisons. Generalized concerns regarding COVID-19, particularly at this stage of the pandemic, do not constitute extraordinary and compelling reasons for compassionate release. See Record Document 662 at 6–8.

Reliford's reliance on alleged changes in sentencing law and guideline policy disagreements likewise fails. Arguments challenging the length or legality of a sentence or asserting that a defendant would receive a lesser sentence if sentenced today must be raised, if at all, on direct appeal or through a motion under 28 U.S.C. § 2255. Accordingly, Reliford has not carried his burden of demonstrating extraordinary and compelling reasons warranting a reduction in sentence.

Even if Reliford had established extraordinary and compelling reasons, compassionate release would remain unwarranted. A sentence reduction must be consistent with the factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to afford adequate deterrence, and the need to protect the public.

Reliford's offense involved a significant drug-trafficking conspiracy, and his criminal history reflects repeated and serious criminal conduct. See Record Document 662 at 9–11. Reducing his sentence would undermine the seriousness of the offense, fail to promote respect for the law, and inadequately protect the public. The Court therefore cannot conclude that a sentence reduction would be consistent with the § 3553(a) factors.

**CONCLUSION**

Based on the reasons explained above, Reliford's Motion for a Reduction in Sentence (Record Document 659) is **DENIED**.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 6th day of January, 2026.

_____
JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT